

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mrs. Ella Mae Murphy, Member,
State Board of Cosmetology
Austin, Texas.

Dear Madam:

Opinion No. O-1575
Re: Is a person eligible for the State
Board's examination at this time who
prior to the passage of the law had
completed a beauty course from any
school but failed to file applica-
tion for credit with the Secretary
of the Board within ninety days after
the taking effect of the Act?

Your request for an opinion on the questions
as are herein-stated has been received by this depart-
ment.

We quote from your letter as follows:

"Is a person eligible for the State Board's
examination at this time who prior to the
passage of the Law had completed a beauty
course from any school (although said course
did not meet the one thousand hour require-
ment as stipulated in our Law), but said per-
son failed to file their application for
credit with the Secretary of the Board within
ninety days after the taking effect of the Act?

"We further request your opinion of Sec-
tion 14 as to whether the following underlined
portion, we quote, 'non-resident hairdressers
or cosmetologists and graduates of licensed
schools may only apply for examination under
the Act upon the payment of the examination
and license fee and shall have served the re-
quired time as a student or have been engaged

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

in the practice of hairdressing and cosmetology for two years in a State having requirements equal to the requirements as provided in this Act." is constitutional in view of its phraseology.

"We request this inasmuch as some States have no regulative state law for hairdressing and cosmetology, and in view of this fact would a person from one of these States be eligible for our examination without having first completed a thousand hour course in not less than six months?"

Sections 14 and 15 of Article 734b of the Penal Code read as follows:

Sec. 14. "Non-resident hairdressers or cosmetologists and graduates of licensed schools may only apply for examination under the Act upon the payment of the examination and license fee and shall have served the required time as a student or have been engaged in the practice of hairdressing and cosmetology for two (2) years in a State having requirements equal to the requirements as provided in this Act."

Sec. 15. "(a) If an applicant for examination passes such examination to the satisfaction of the Board and in accordance with the rules promulgated by said Board, the Board shall issue a certificate to that effect, signed by the President and Secretary and attested with its seal. Such certificate shall be evidence that the person to whom it is issued is entitled to follow the practices, occupation, or occupations stipulated therein, as prescribed in this Act. Such certificate shall be conspicuously displayed in his or her place of business or employment, provided however, that where the applicant is a graduate of some school of beauty culture duly licensed and recognized, then such applicant after passing an examination as provided for in Section 9 shall be given a certificate.

"(b) Any person who prior to the passage of this Act was studying any of the classified occupations shall be credited with the time of study, provided however, that application for such credit is filed with the Secretary of the Board within ninety (90) days after the taking effect of this Act."

Section 9 referred to in Article 734b, reads as follows:

Sec. 9. "The Board shall hold regular meetings for the examination of applicants in the capital of the State, on the second Tuesday in January and July of each year, and at such other times and places as the Board may deem necessary, and such examination shall be conducted under the rules provided by said Board and shall include practical demonstration and written and oral tests in reference to the practices for which a license is applied for and such related subjects as the Board may determine necessary for the proper and efficient performance of such practices, and such examination shall include sanitation and hygiene, the use of cosmetics, the application of electrical and mechanical equipment and appliances, anatomy and dermatology, and such other kindred subjects as may be necessary and prescribed by the Board to determine one's fitness and qualifications as a hairdresser or cosmetologist."

We think the above quoted sections of article 734b of the Penal Code are clear and unambiguous and require no interpretation or construction. Therefore, your questions Nos. One and Three are answered in the negative.

After carefully considering your second question, we are of the opinion that Section 14 of Art. 734b of the Penal Code does not contravene any section of the State or Federal Constitutions.

Mrs. Ella Mae Murphy, Member, page 4


        Trusting that the foregoing answers your in-
quiries, we remain

                        Yours very truly

                        ATTORNEY GENERAL OF TEXAS

                    By  *Ardell Williams*

                            Ardell Williams
                                Assistant

AW:ob APPROVED NOV 6, 1939

FIRST ASSISTANT
ATTORNEY GENERAL